UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 1:19-cv-00269-FDW

| | |
|---|---|
| SOPHIA J. GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ANDREW SAUL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Sophia J. Griffith's Motion for Summary Judgment (Doc. No. 14), filed March 2, 2020, and Defendant Acting Commissioner of Social Security Andrew Saul's ("Commissioner") Motion for Summary Judgment (Doc. No. 18), filed May 11, 2020. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED; the Commissioner's Motion for Summary Judgment is DENIED; and this matter is REMANDED to the Commissioner for further proceedings consistent with this order.

I. BACKGROUND

Plaintiff filed an application for Title II benefits on February 4, 2015 (Tr. 250-57). Plaintiff alleges disability beginning November 1, 2009. (Tr. 79). After her application was denied initially and upon reconsideration (Tr. 118-21, 124-27, 128-134), Plaintiff requested a hearing (Tr. 135-37). The ALJ held a hearing on November 7, 2017 (Tr. 31-76). Plaintiff filed an application for

1

Title XVI benefits (Tr. 79). After a hearing on May 16, 2018 (Tr. 77-103), the ALJ issued an unfavorable decision (Tr. 15-25). Plaintiff's subsequent request for review by the Appeals Council was denied. (Tr. 1).

The ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2009, and met the insured status requirements through March 31, 2011. (Tr. 17). The ALJ found Plaintiff to have the following severe impairments: "diabetes mellitus with peripheral neuropathy, lumbago, asthma, depression, and anxiety." (Tr. 17). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart B, App. 1. (Tr. 19). The ALJ then found Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b):

> [E]xcept she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; she can have frequent exposure to environmental irritants such as fumes, odors, dusts, and gases; she can have occasional use of moving machinery and exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks; she can perform these tasks for two hour blocks of time with normal rest breaks during an eight hour work day; with only occasional interaction with the public.

(Tr. 21). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified that Plaintiff could perform her past relevant work as a laundry supervisor or bartender and could perform others' jobs that exist in significant numbers in the national economy. (Tr. 23-24). As a result, the ALJ concluded Plaintiff was not disabled, as defined under the Social Security Act, from November 1, 2009, through the date of the ALJ's decision. (Tr. 25).

Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Plaintiff argues the ALJ's decision is not supported by substantial evidence because the

ALJ failed to acknowledge or evaluate the impact of Griffith's obesity on her other impairments, and he did not consider that she could not afford to pay for treatment or medications before he discounted her allegations. (Doc. No. 15 at 1).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

4

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Plaintiff raises two issues in her Motion for Summary Judgement. First, Plaintiff argues the ALJ failed to consider the effects of her obesity. Second, Plaintiff contends that the ALJ improperly relied on Plaintiff's noncompliance with treatment recommendations to establish her credibility.

**A. ALJ's Evaluation of Plaintiff's Obesity**

Plaintiff first argues "the ALJ failed to consider the effects of her obesity and its effects either singly or in combination with her other impairments." (Doc. No. 15 at 5). SSR 02-p1 makes explicit that obesity is not itself a listing, but an individual suffering from obesity can meet the requirements for a listing if another independent impairment or impairment, in combination with obesity, meets the requirements for a listing. See Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281, at *5 (S.S.A. 2002) (stating mental disorders, for example, can worsen the effects of obesity); see also Griffey v. Berryhill, No. 1:16-CV-00257, 2017 WL 1954536, at *4 (W.D.N.C. May, 10 2017) ("[A]n ALJ *may* make a determination that obesity, by itself or in conjunction with other impairments, meets or exceeds a listing.") (emphasis in original). At Step Three, Plaintiff carries the burden of proof to show a listing is either met or exceeded. McGowan v. Comm'r, Soc. Sec. Admin., No. ADC-17-3343, 2018 WL 5927033, at *8 (D. Md. Nov. 13, 2018). Further, the regulation states the agency "will not make assumptions about the severity or functional effects of obesity combined with other impairments" and that each case will be evaluated based on the record. Id. at *6. See Livingston v. Colvin, No. 3:13-CV-00233, 2014 WL 496484, at *7 (W.D.N.C. Feb. 6, 2014) (stating an ALJ makes "individualized assessments" about how the plaintiff's obesity, either alone or in connection with other impairments, affects workplace performance).

Plaintiff argues the ALJ failed "to evaluate obesity at steps two and three and in assessing the RFC for application at steps four and five." (Doc. No. 15 at 13). An ALJ must consider all impairments in determining a claimant's RFC, even those that are not severe. 20 C.F.R. § 404.1545 (2012). See McGowan, 2018 WL 5927033, at *3 ("The ALJ must consider even those impairments that are not 'severe.'"). See also Allen v. Comm'r of Soc. Sec., No. 2:09-CV-265, 2010 WL 1142031, at *14-15 (E.D. Va. Feb. 24, 2010) (remanding because the ALJ failed to consider

6

plaintiff's non-severe impairments in his RFC analysis). Also, an ALJ should assess "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment," while keeping in mind that other impairments in combination with obesity may cause increased limitations. SSR 02-1p at *5.

The ALJ must determine a claimant's RFC by first identifying "functional limitations or restrictions" and then assessing the claimants "work-related abilities on a function-by-function basis." See Hawkins v. Saul, 796 F. App'x 159, 163 (4th Cir. 2019) (understanding there is no per se rule requiring remand for an ALJ not performing "an explicit function-by-function analysis," but remand may be permissible when inadequacies in analysis "frustrate meaningful review"). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [the] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotations omitted).

Here, in determining the Plaintiff's RFC, the ALJ considered the severe diabetes mellitus with peripheral neuropathy, lumbago, asthma, depression, and anxiety to be severe impairments, but did not discuss Plaintiff's obesity (singularly or in conjunction with other impairments) in the decision. (Tr. 17-23). The ALJ considered Plaintiff's difficulty walking, blood sugar spikes, back pain, asthma, depression, and anxiety, but failed to assess them in conjunction with Plaintiff's obesity. (Tr. 21-22). Commissioner concedes that "the ALJ did not explicitly analyze obesity when discussing the listings." (Doc. No. 19 at 7). However, Commissioner argues "that it is not necessary for the ALJ to specifically break down each of the listing criteria," and there is no error here because the ALJ "implicitly" considered her obesity. (Doc. No. 19 at 7-8).

The failure to discuss a claimant's obesity under SSR 02–1p may be harmless error if corresponding functional limitations are not established. The Court has permitted an implicit

7

consideration for the effects of a claimant's obesity when the ALJ gave great weight to the state agency medical consultant or the ALJ referred to the claimant's obesity at some point in the process. See Petty v. Saul, No. 1:19-CV-00012-FDW, 2020 WL 1441436, at *6 (W.D.N.C. Mar. 20, 2020) ("[W]here an ALJ considers and adopts the conclusions of reviewing physicians who directly address Plaintiff's obesity, the ALJ need not explicitly explain his assessment of the effects of the claimant's obesity."); Bailey v. Saul, No. 1:18-CV-00371-FDW, 2020 WL 1429240, at *8 (W.D.N.C. Mar. 19, 2020) ("[I]t is possible for an ALJ to implicitly show that obesity was considered, namely where the ALJ has discussed the claimant's obesity in other areas of the decision and gives significant weight to the opinions of doctors who considered the obesity."); Yarborough v. Colvin, No. 1:13-CV-00180-MR, 2014 WL 4700684, at *2 (W.D.N.C. Sept. 22, 2014) (The implicit consideration was sufficient because "the ALJ repeatedly referred to Plaintiff's obesity and specifically found it to be a 'severe' impairment . . . Moreover, the ALJ gave significant weight to the opinion provided by state agency medical consultant."). Here, the ALJ did not refer to the Plaintiff's obesity at any point in the report and did not give "great weight" to the state agency medical consultant. (Tr. 17-23).

Without consideration of Plaintiff's obesity and her severe impairments in conjunction with her obesity, the ALJ failed to apply the correct legal standard and paint a logical bridge from the evidence to the conclusion he reached regarding Plaintiff's RFC. Therefore, without any analysis of Plaintiff's obesity and her severe impairments, meaningful review by the Court is frustrated and the case should be remanded.

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to Plaintiff's other assignments of error. The

8

Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error here,[1] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (alteration in original) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 14) is GRANTED; the Commissioner's Motion for Summary Judgment (Doc. No. 18) is DENIED; and this matter is REMANDED to the Commissioner for further proceedings consistent with this order.

IT IS SO ORDERED.

Signed: August 3, 2020

Frank D. Whitney
United States District Judge

---

[1] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interest of judicial efficiency"); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).